No. 24-cv-01664 (NRM)(LKE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAUREEN HURLEY,

Plaintiff,

- against -

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK,

Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the*
*City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-190*
*New York, N.Y. 10007*
*Attorney for Defendant*

*Of Counsel: Kathleen M. Linnane*
*Tel: (212) 356-2467*
*Matter No. 2024-048849*

**DATE OF SERVICE: August 26, 2024**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

    A. The COVID-19 Vaccine Mandate Formerly
       Applicable to DOE Employees.............................................................................2

    B. Amendment to the DOE Vaccine Mandate ...........................................................5

    C. Plaintiff's Allegations in the Complaint ................................................................6

ARGUMENT ......................................................................................................................... 7

STANDARD OF REVIEW .................................................................................................... 7

    POINT I

    PLAINTIFF'S TITLE VII CLAIMS FAIL AND
    MUST BE DISMISSED ............................................................................. 8

    A. Plaintiff's Title VII Religious Discrimination
       Claim Fails.............................................................................................................8

    B. Plaintiff's Title VII Failure to Accommodate
       Claim Fails...........................................................................................................10

        (i) Plaintiff Did Not Comply with a Condition
           of Her DOE Employment and Was No
           Longer Qualified for Employment with
           DOE, Therefore, DOE's Termination of
           Her Employment Did Not Constitute
           Discipline...................................................................................10

        (ii) Plaintiff Fails to Plead Facts That Establish
           She Has a Bona Fide Religious Belief That
           Conflicted with a Valid Condition of
           Employment ...............................................................................11

        (iii) Plaintiff Fails to Plead That She Informed
            DOE of Her Alleged Bona Fide Religious
           Belief .........................................................................................13

C. Plaintiff's Failure to Engage in the Interactive Process Claim Fails...........................................................................13

POINT II

THE COMPLAINT FAILS TO SHOW THAT DEFENDANT VIOLATED THE UNITED STATES CONSTITUTION..............................................15

A. Plaintiff Fails to Plead Facts That Support Her Claim that Defendant Deprived Plaintiff of Her First Amendment Right to Freely Exercise Her Religion........................................................................15

A. Plaintiff Fails to Demonstrate That Defendant Violated the Fourteenth Amendment of the United States Constitution ................................................16

POINT III

PLAINTIFF'S FRAUD IN THE INDUCEMENT AND DUE PROCESS CLAIMS FAIL AND MUST BE DISMISSED ........................................................18

A. Plaintiff Fails to Plead Facts Demonstrating Fraud in the Inducement ........................................18

B. Neither the Vaccine Mandate Nor the DOE's Termination of Plaintiff's Employment Violated Plaintiff's Due Process Rights.............................19

POINT IV

PLAINTIFF'S STIGMA PLUS CLAIM FAILS AND MUST BE DISMISSED ................................................20

CONCLUSION..................................................................................23

# TABLE OF AUTHORITIES

**Cases**                                                                              **Pages**

Antoine v. State Univ. of New York Downstate Med. Ctr.,
   2021 WL 135720
   (E.D.N.Y. Jan. 13, 2021) ............................................................................................1

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)..............................................................................7, 8, 12, 22

Baker v. Home Depot,
   445 F.3d 541 (2d Cir. 2006)...........................................................................10, 13

Beickert v. New York City Dep't of Educ.,
   2023 WL 621436
   (E.D.N.Y. Sept. 25, 2023)........................................................................ 4-5, 9, 11

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)........................................................................................8, 12

Broecker v. New York City Dep't of Educ.,
   No. 21-CV-6387 (KAM)(LRM), 2022 U.S. Dist. LEXIS 25104
   (E.D.N.Y. Feb. 11, 2022) ....................................................... 4, 8-9, 10, 11, 20

Casciani v. Nesbitt,
   659 F. Supp. 2d 427 (W.D.N.Y. 2009) .................................................................17

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
   508 U.S. 520 (1993)...............................................................................................15

Matter of Clarke v. Bd. of Educ. of the City School Dist.
   of the City of New York,
   213 A.D.3d 548
   (N.Y. Ct. App. Feb. 21, 2023) ...................................................................... 10-11

Cooper v. Franklin Templeton Invs.,
   2023 WL 3882977
   (2d Cir. June 8, 2023) ..............................................................................................8

Coughlin et al. v. New York State Unified Court Sys.,
   No. 22-CV-04002 (FB)(JMW)
   (E.D.N.Y. Oct. 26, 2023) ......................................................................................16

D'Cunha v. Northwell Health Sys.,
   2023 WL 2266520
   (S.D.N.Y. Feb. 28, 2023) ..................................................................................9, 11

**Cases**                                                                                    **Pages**

Employment Div. v. Smith,
    494 U.S. 872 (1990)......................................................................................................15

Fifth Ave. Presbyterian Church v. City of New York,
    293 F.3d 570 (2d Cir. 2002)........................................................................................15

Garland v. New York City Fire Dep't,
    574 F. Supp. 3d 120 (E.D.N.Y. 2021),
    *aff'd*, No. 23-662-CV, 2024 U.S. App. LEXIS 2651,
    2024 WL 445001 (2d Cir. Feb. 6, 2024)........................................................5, 9, 20

Gonzalez v. City of New York,
    2024 WL 1332546
    (E.D.N.Y. Mar. 28, 2024).................................................................................4, 9, 11

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013)............................................................................................7

Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
    220 A.D.3d 416 (1st Dep't 2023) ................................................................................14

Hu v. City of New York,
    No. 17-CV-2348 (ARR)(JRC), 2022 WL 182360
    (E.D.N.Y. Jan. 20, 2022) ............................................................................................17

Kalaj v. Kay,
    2023 WL 4564795
    (E.D.N.Y. July 17, 2023) ............................................................................................18

Kamdem-Ouaffo v. PepsiCo, Inc.,
    160 F. Supp. 3d 553 (S.D.N.Y. 2016).........................................................................18

Kane v. De Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022).........................................................10, 11, 17

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) ....................................................................................4, 16

Matter of Lebowitz v. Bd. of Educ. of the City Sch. Dist.
    of the City of New York,
    220 A.D.3d 537 (1st Dep't 2023),
    *lv rearg & lv appeal denied*, 41 N.Y.3d 987 (N.Y. Ct. App. May 16, 2024) ...........................14

Matter of Lee v. City of New York,
    221 A.D.3d 505
    (1st Dep't Nov. 21, 2023) ............................................................................................14

**Cases**                                                                                              **Pages**

Littlejohn v. City of New York,
   795 F.3d 297 (2d Cir. 2015)................................................................................6, 9

Lowman v. NVI LLC,
   821 F. App'x 29 (2d Cir. 2020) .......................................................................8, 9

Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of New York,
   198 N.Y.S.3d 78
   (1st Dep't Nov. 14, 2021) ....................................................................................14

Marciano v. De Blasio,
   589 F. Supp. 3d 423
   (S.D.N.Y. Mar. 8, 2022) ...............................................................................10, 16

Matter of Marsteller v. City of New York,
   217 A.D.3d 543, 192 N.Y.S.3d 18 (1st Dep't 2023),
   *lv rearg & lv appeal denied*,
   208 N.Y.S.3d 529 (N.Y. Ct. App. Mar. 19, 2024).................................................14

Marte v. Montefiore Med. Ctr.,
   2022 U.S. Dist. LEXIS 186884
   (S.D.N.Y. Oct. 12, 2022) .....................................................................................12

Matson v. Bd. of Educ. of City Sch. Dist. of New York,
   631 F.3d 57 (2d Cir. 2011)......................................................................................8

O'Connor v. Pierson,
   426 F.3d 187 (2d Cir. 2005)...................................................................................19

O'Reilly v. Bd. of Educ.,
   2022 N.Y. Slip Op. 30173(U)
   (Sup. Ct. New York Cnty. Jan. 20, 2022) ............................................................10

Okwedy v. Molinari,
   69 F. App'x 482 (2d Cir. 2003) ...........................................................................15

Peralta v. New York City Dep't of Educ.,
   No. 21-CV-6833 (EK)(LB), 2023 WL 6201507
   (E.D.N.Y. Sept. 22, 2023)...............................................................................19, 20

Picinich v. New York City Dep't of Educ.,
   No. 16-CV-844 (CBA)(LB), 2018 U.S. Dist. LEXIS 122959
   (E.D.N.Y. July 11, 2018) ......................................................................................17

**Cases**                                                               **Pages**

Rowe v. Brookdale Univ. Hosp.,
    2024 WL 3443460
    (E.D.N.Y. July 17, 2024) ................................................................................1

Segal v. City of New York,
    459 F.3d 207 (2d Cir. 2006)...................................................................21, 22

Vasquez v. City of New York,
    2024 WL 1348702
    (E.D.N.Y. Mar. 30, 2024) ..........................................................5, 9, 16, 20

Vega v. Hempstead Union Free Sch. Dist.,
    801 F.3d 72 (2d Cir. 2015)..............................................................................9

We The Patriots USA, Inc. v. Hochul,
    17 F.4th 266 (Ct. App. 2021) ..........................................................................9

Williams v. City of New York,
    No. 14-CV-2191 (ARR), 2016 U.S. Dist. LEXIS 191214
    (E.D.N.Y. Mar. 23, 2016) .............................................................................17

Xu v. City of New York,
    No. 08-CV-11339 (AT)(RWL), 2020 WL 8671952
    (S.D.N.Y. Dec. 22, 2020) .........................................................................20-21

**Statutes**

42 U.S.C. § 1983...................................................................................................1

Fed. R. Civ. P. 9(b) ............................................................................................18

Fed. R. Civ. P. 12(b)(6).....................................................................................2, 7

N.Y. Educ. Law § 3020 .....................................................................................18

N.Y. Educ. Law § 3020-a ..............................................................................1, 18

## PRELIMINARY STATEMENT

Plaintiff Maureen Hurley ("Plaintiff"), a teacher formerly employed by the New York City Department of Education ("DOE" or, "Defendant") brings this action against DOE, purportedly pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that in denying her request for a reasonable accommodation request ("RA Request") for an exemption to the COVID-19 vaccine mandate applicable to DOE employees ("Vaccine Mandate," or, "Mandate"), Defendant violated the Free Exercise Clause of the United States Constitution, and discriminated against her religion and failed to accommodate her religion, both in violation of Title VII. Plaintiff also alleges fraud in the inducement, violation of her alleged due process rights under § 3020-a of the New York State Education Law, appears to bring a claim of stigma plus, and alleges an unspecified violation of the Fourteenth Amendment to the United States Constitution.[1]

The Complaint ("Compl.") must be dismissed in its entirety. First, the law on this case is clear. The Vaccine Mandate, in all its iterations, has been consistently upheld as a lawful condition of employment for DOE employees, and has been found to be Constitutional, and not violative of due process, by courts throughout the Second Circuit. Second, amongst a litany of unsupported allegations and irrelevant propositions, the Complaint fails to state a cause of action for religious discrimination or failure to accommodate, and because Plaintiff further fails to plausibly allege facts that demonstrate her religion was a motivation for any of the conduct she

---

[1] Plaintiff makes two vague references to retaliation in the complaint. See Compl. ¶¶6, 8. Insofar as the Court construes a cause of action for retaliation here, Plaintiff fails to state a retaliation claim, because she fails to plead engagement in a protected activity. See Rowe v. Brookdale Univ. Hosp., 2024 WL 3443460 (E.D.N.Y. Jul. 17, 2024); Antoine v. State Univ. of N.Y. Downstate Med. Ctr., 2021 WL 135720 (E.D.N.Y. 2021). Therefore, a retaliation claim would fail under any cognizable legal theory.

alleges therein, her Title VII claims, therefore, fail. Finally, Plaintiff fails to plausibly allege facts that demonstrate stigma plus.

For these reasons, and as set forth more fully below, the Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

### A.  The COVID-19 Vaccine Mandate Formerly Applicable to DOE Employees

On August 24, 2021, former Mayor Bill de Blasio and Dr. Dave Chokshi, then Commissioner of the DOHMH, announced that DOE employees would be subject to a Vaccine Mandate. See COVID-19 Vaccine Mandate applicable to DOE employees at https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (last accessed Jul. 15, 2024). Under this policy, DOE employees were required to submit proof to DOE, by September 27, 2021, that they were fully vaccinated against COVID-19; or had received a single-dose vaccine or the second dose of a two-dose vaccine; or had received the first dose of a two-dose vaccine, with the additional requirement to provide proof of the second dose thereafter. Id. The Vaccine Mandate has been repeatedly upheld as lawful by every Court that has considered it. Thus, the Vaccine Mandate is unassailable and legally sound.

On September 1, 2021, the United Federation of Teachers ("UFT") filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") over the impact of the Vaccine Mandate. PERB then appointed an arbitrator, and several days of mediation sessions were held. Id. On September 10, 2021, the arbitrator issued a decision ("Arbitration Agreement") which established: (1) a process for Vaccine Mandate exemptions and accommodation requests; (2) options for DOE employees to voluntarily separate from service with certain benefits or extend leave without pay ("LWOP") available for employees who did not comply with the Vaccine Mandate; and, (3) that DOE could "unilaterally separate employees" who

2

had not complied with the Vaccine Mandate or did not have an approved exemption or accommodation or had not either opted for separation or to extend their LWOP pursuant to the provisions set forth in the Arbitration Agreement. See Arbitration Agreement, annexed to the Declaration of Kathleen M. Linnane ("Linnane Decl.") as Exhibit ("Exh.") A.

The process established by the Arbitration Agreement applied to medical and religious exemptions as well as to accommodations for those who, having received a full course of vaccination, remained unable to mount an immune response. Id. It also set forth that employees who had not requested an exemption, or whose request has been denied, would be placed on LWOP by DOE starting September 28, 2021. Id. at 13. While on LWOP, employees continued to be eligible for health insurance. Id. at 15. Employees who submitted proof of vaccination to DOE before November 30, 2021 were eligible to return to their school within one week of submitting their documentation. Id. at 14.

The Arbitration Agreement also set forth a process for separation from DOE employment with enhanced payment of accrued paid time off, or extension of LWOP with health benefits. Id. DOE employees who did not comply with the Vaccine Mandate could have opted to either separate from service by October 29, 2021 and receive enhanced payment of accrued paid time off and remain eligible for health insurance through September 5, 2022, unless they were eligible for health insurance from another source, or as an alternative option, employees could have elected, by November 30, 2021, to extend their LWOP through September 5, 2022 and maintain health coverage. Id. at 16-17. Those employees who chose to extend their LWOP and ultimately did not comply with the Vaccine Mandate Order by the end of the leave period were deemed to have voluntarily resigned. Id. In addition, the Impact Arbitration Decision provided that starting on December 1, 2021, DOE could unilaterally separate employees who remained out

3

of compliance with the Vaccine Mandate and had not applied for either the extended leave or separation. Id.

Pursuant to an order issued by the Second Circuit in Kane v. DiBlasio, DOE employees whose requests for religious exemptions to the Vaccine Mandate had been denied were entitled to "fresh consideration of their requests for a religious accommodation by a central citywide panel consisting of representatives of the Department of Citywide Administrative Services, the City Commission on Human Rights, and the Office of the Corporation Counsel." See Kane v. De Blasio, 19 F.4th 152, 176-177 (2d Cir. 2021). Entitlement to the "fresh consideration" was then extended to all DOE employees who had submitted RA Requests for religious exemptions to the Mandate. The central citywide panel ("Citywide Panel") had been created specifically in response to the DOHMH's issuance of the vaccine mandates in order to consider appeals filed by employees whose accommodation requests had been denied by their respective agency.

Critical to this case is that the Vaccine Mandate created a condition of employment for DOE employees, including Plaintiff, to be vaccinated. On this point, the law is clear. The Second Circuit has unequivocally held that the Vaccine Mandate was a valid, lawful "condition of employment" for City employees such as Plaintiff. See Broecker v. N.Y.C. Dep't of Educ., 535 F.Supp 3d 299, 314 (E.D.N.Y. Feb. 11, 2022) (holding that the COVID-19 vaccine mandate applicable to New York City Department of Education employees created a "lawful condition of employment."); Gonzalez v. City of N.Y., 2024 WL 1332546, at *19 (E.D.N.Y. Mar. 28, 2024) ("...federal courts throughout the Second Circuit have approved vaccine mandates as a lawful condition of employment, and this Court and the Second Circuit have approved the [COVID-19] vaccine mandate"); Beickert v. N.Y.C. Dep't of Educ., 2023 WL 621436, at *13 (E.D.N.Y. Sep.

25, 2023) (holding that "the Vaccine Mandate [is] a proper condition of employment"); Garland v. N.Y.C. Fire Dep't, 574 F. Supp. 3d 120 (E.D.N.Y. 2021), *aff'd*, No. 23-662-CV, 2024 U.S. App. LEXIS 2651, 2024 WL 445001 (2d Cir. Feb. 6, 2024); Vasquez v. City of N.Y., 2024 WL 1348702, at *24 (E.D.N.Y. Mar. 30, 2024).

The law of this case – as well as holdings in similar cases brought in the Eastern and Southern Districts of New York, and in New York State Supreme and Appellate Courts – is likewise clear that because vaccination against COVID-19 was a condition of employment, the City was well within its authority to terminate non-compliant employees based on their failure to satisfy this condition.

**B.    Amendment to the DOE Vaccine Mandate**

On February 6, 2023, the Mayor of the City of New York ("the Mayor") announced that the Vaccine Mandate was to be amended such that vaccination was made optional for DOE employees. Furthermore, the Mayor announced that while "former employees terminated for failing to submit proof of vaccination will not be able to automatically return to their previous positions, they will be able to apply for positions with their former agencies through existing city rules and regulations and hiring processes." See https://www.nyc.gov/office-of-the-mayor/news/092-23/with-96-percent-city-workers-fully-vaccinated-mayor-adams-covid-19-vaccination (last accessed Aug. 24, 2024).

On February 9, 2023, the Board of Health ("BOH") amended the Vaccine Mandate. Recognizing that "99% of all DOE employees [had] completed a primary series of vaccination" the BOH repealed the requirement that new DOE staff provide proof of COVID-19 vaccination, and amended the requirement such that DOE staff and City employees who worked in-person in a DOE school setting, DOE building, or charter school setting were no longer required to provide proof         of         vaccination         to         the         DOE.                 See

5

https://www.nyc.gov/assets/doh/downloads/pdf/notice/2023/boh-order-amend-covid-vaccine-req-doe-employees.pdf (last accessed Aug. 24, 2024).

### C.  Plaintiff's Allegations in the Complaint[2]

Plaintiff alleges that she was employed with DOE, and that she was "wrongfully, maliciously and in bad faith terminated and stigmatized permanently by being wrongfully terminated [...] solely because of her religious beliefs. See Compl. ¶4.  Plaintiff alleges that on September 18, 2021, she was advised by DOE about the Vaccine Mandate, and was advised how to submit an RA Request for an exemption to the Mandate. Id. ¶23.  Plaintiff alleges that on the same date, she submitted an RA Request, wherein "she explained that her sincerely held religious belief is that "my body is my temple and I dont [sic] want the COVID-19 vaccine in my body, and I noted scriptures from The Bible, which [she] follow[s], that support [her] religious beliefs." Id. ¶23.  Plaintiff alleges that on September 22, 2021, she received a denial of her RA Request from DOE, and that on September 23, 2021, she appealed that denial. Id. ¶¶24-25.  Plaintiff alleges that she engaged with an arbitrator, and participated in a hearing, with respect to her appeal.  Id. ¶¶26-28.  Plaintiff's alleges that her appeal was denied on October 2, 2021. Id. ¶29.  Plaintiff alleges that she was advised that she could further appeal the denial "to the Citywide Panel," that she filed that appeal on December 1, 2021, that the Citywide Panel also denied her appeal, and that her employment with DOE was terminated on September 6, 2022. Id. ¶¶30, 32-33.

Plaintiff alleges that she was "fired solely because of her religious beliefs. Id. ¶33.  Plaintiff alleges that she "has sincerely held religious beliefs which forbid her from getting vaccinated with the COVID-19 Vaccine. Id. ¶¶37, 41.  Plaintiff also alleges that she had a

---

[2] For the purposes of this motion only, the well-pleaded allegations of fact in the Amended Complaint are deemed to be true.  See Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015).

"religious belief prohibiting her from getting the COVID Vaccine." Id. ¶14. However, Plaintiff does not allege how or why she was forbidden or prohibited from getting the vaccine, or that she informed Defendant of how or why she was allegedly so prohibited. See Compl., *generally*.

In alleging that she "signed the LWOP," Plaintiff acknowledges that she opted to extend her LWOP, as set forth in the Arbitration Agreement, thereby maintaining her health insurance and deeming herself voluntarily resigned. Id. ¶22. Plaintiff alleges that she was "allowed to keep her medical benefits," but that she was "forced to sign it against her will." Id.

Absent any actual facts in support of her claim, Plaintiff alleges that she was "placed on the Ineligible/Inquiry or "no hire" Problem Code List solely because of her religious beliefs," and that she learned of the alleged "problem code" on November 11, 2022. Id. ¶¶4, 34, 52. Plaintiff alleges that the alleged "[p]roblem code blocks her from being paid her salary from the Department[3], and tags her file with misconduct." Id. ¶34. Though Plaintiff does not allege that she requested reinstatement to her DOE employment, she claims that "[s]he still has not been given her job back." Id. ¶35. Finally, Plaintiff alleges that she was terminated because she did not get vaccinated with the COVID-19 vaccine and was denied her religious exemption." Id. ¶49.

## ARGUMENT

### STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Hogan v. Fischer, 738 F.3d 509, 514 (2d Cir. 2013) (quoting Ashcroft

---

[3] Plaintiff alleges she was terminated from the DOE, and that she is "blocked form getting any salary for any position at the DOE." See Compl., ¶¶2, 3. Even were there to be a "problem code" on an alleged file, Plaintiff fails to show how such a code would bar her, if employed, from receiving any salary from DOE. In fact, Plaintiff stopped receiving salary from DOE because, as she, herself, alleges, her employment was terminated as a result of her failure to comply with the Vaccine Mandate.

v. Iqbal, 556 U.S. 662, 678 (2009)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See Matson v. Bd. of Educ. of City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (internal quotation omitted).  Thus, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Here, the Complaint asserts no factual allegations that demonstrate any unlawful conduct on the part of Defendant.  As such, Plaintiff's claims must be dismissed.

## POINT I

### PLAINTIFF'S TITLE VII CLAIMS FAIL AND MUST BE DISMISSED

**A.    Plaintiff's Title VII Religious Discrimination Claim Fails**

To defeat a motion to dismiss on a Title VII discrimination claim, a plaintiff must plausibly allege facts showing (1) that her employer discriminated against her; and (2) that her race, color, religion, sex, or national origin was a motivating factor in the employment decision. See Lowman v. NVI LLC, 821 Fed. App. 29, 31 (2d Cir. 2020).  The facts alleged in the complaint must provide at least minimal support for the proposition that the employer was motivated by discriminatory intent.  See Cooper v. Franklin Templeton Invs., 2023 WL 3882977, at *5 (2d Cir. 2023).

As an initial matter, as set forth hereinabove, the Vaccine Mandate has consistently been upheld as a lawful condition of employment for employees of the DOE and City of New York ("City").  On this point, every Court that has encountered this question has held that the Vaccine Mandate is lawful condition of employment for DOE and City employees.  See Broecker, 535

F.Supp 3d 299 at 314; <u>Gonzalez</u>, 2024 WL 1332546, at *19; <u>Beickert</u>, 2023 WL 621436; <u>Garland</u>, 574 F. Supp. 3d 120; <u>Vasquez</u>, 2024 WL 1348702, at *24. When an employee fails to satisfy a condition of her employment, she is no longer qualified to serve as a public employee. <u>See</u> <u>We The Patriots USA, Inc. v. Hochul</u>, 17 F.4th 266 (Ct. App. 2021). Here, Plaintiff, in failing to comply with the Vaccine Mandate applicable to her, failed to satisfy a condition of her employment, was no longer qualified for employment with DOE, and her employment was, therefore, terminated.

      With respect to any alleged discriminatory treatment by DOE, the Complaint does not set forth a single fact to even hint, much less plausibly suggest, that Plaintiff's purported religion was a motivating factor in DOE's decision to deny her RA Request or terminate her employment. <u>See</u> <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 87 (2d Cir. 2015). Indeed, Plaintiff, herself, concedes that she was "terminated **for her "insubordination" in not getting vaccinated** with the COVID vaccine." <u>See</u> Compl. ¶49 (emphasis added). The Complaint does not allege that Plaintiff was criticized in "religiously degrading terms," or that "invidious comments" were made about her or others who held the same alleged religious belief, or that there was different or more favorable treatment of others who did not hold her religious beliefs. <u>See</u> <u>D'Cunha v. Northwell Health Sys.</u>, 2023 WL 2266520, at *6 (S.D.N.Y. Feb. 28, 2023) (quoting <u>Littlejohn</u>, 795 F.3d at 312). Critically, the Complaint fails to set forth one single fact about Plaintiff's termination, and beyond her broad, conclusory allegations of religious discrimination, is absent facts that suggest her termination was motivated by religious discrimination. <u>See</u> <u>Lowman</u>, 821 Fed. App. 31; <u>see</u> also Compl., *generally*. For these reasons, any Title VII claim of religious discrimination asserted here must be dismissed.

**B.** **Plaintiff's Title VII Failure to Accommodate Claim Fails**

A plaintiff asserting a Title VII claim for failure to accommodate a religious belief must allege that (1) she held a bona fide religious belief conflicting with an employment requirement; (2) she informed her employer of this belief; and, (3) she was disciplined for failure to comply with the conflicting employment requirement." See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006). Here, because Plaintiff fails to meet these requirements, her Title VII failure to accommodate claims must be dismissed.

    (i)    **Plaintiff Did Not Comply with a Condition of Her DOE Employment and Was No Longer Qualified for Employment with DOE, Therefore, DOE's Termination of Her Employment Did Not Constitute Discipline**

As an initial matter, in Kane, a case, similar to this one, brought by DOE employees who had been terminated by the DOE due to their failures to demonstrate proof of COVID-19 vaccination, the Court conclusively held that in cases where an employee fails to meet a condition of his employment, placement on LWOP and termination **does not constitute "discipline."** See Kane v. De Blasio, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022) (emphasis added). The termination of a public employee for failure to satisfy a lawful condition of employment is unrelated to job performance, misconduct, or competency and therefore does not implicate applicable disciplinary procedures. See Id. at 363; see also Broecker, 535 F.Supp 3d 299 at 317; Marciano v. De Blasio, 589 F.Supp 3d 423, 436 (S.D.N.Y. Mar. 8, 2022) (where, in dismissing NYPD employee's claim that he had been disciplined for failing to be vaccinated, the court held that the Vaccine Mandate created a condition of the plaintiff's employment, and that his termination based on his failure to meet that condition did not implicate applicable statutory or NYPD disciplinary procedures); O'Reilly v. Bd. of Ed., 2022 N.Y. Slip. Op. 30173(U), ¶ 2 (where the court determined that employment action taken by DOE was "not discipline but instead was merely a response to petitioner's refusal to comply with a condition of employment."); Matter of Clarke v. Bd. Of Educ.

10

of the City School Dist. of the City of N.Y., 213 A.D.3d 548, 550 (N.Y. Ct. App. Feb. 21, 2023) (where the First Department, in affirming the lower court's determination in the Maniscalco Art. 78 Decision, held that "placement on leave without for failure to prove vaccination, a condition of employment […] does not constitute discipline."); D'Cunha, 2023 WL 2266520, at *8.

Furthermore, as set forth above, the Vaccine Mandate has consistently been upheld as a valid, lawful "condition of employment" for DOE employees. See., e.g., Broecker, 535 F.Supp 3d 299 at 314; Gonzalez, 2024 WL 1332546; Beickert, 2023 WL 621436. This precedent is in line with case law holding that "under New York law, the termination of a public employee based on the employee's **failure to satisfy a qualification of employment** unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures set forth" in the applicable disciplinary statute. See Kane, 623 F. Supp. 3d at 363 (citing cases) (emphasis added). Thus, any employment actions taken by DOE, up to and including termination, with respect to employees, such as Plaintiff, who failed to comply with the Vaccine Mandate is not disciplinary action. Plaintiff, therefore, fails to satisfy the third prong of a Title VII failure to accommodate claim, and her claim must be dismissed accordingly.

### (ii) Plaintiff Fails to Plead Facts That Establish She Has a Bona Fide Religious Belief That Conflicted with a Valid Condition of Employment

Plaintiff's Title VII failure to accommodate claim further fails because the Complaint does not plausibly allege that Plaintiff has a bona fide religious belief that conflicted with the Vaccine Mandate. The EEOC makes explicitly clear that a person seeking a reasonable accommodation for a religious belief must **"explain the conflict and the religious basis for it,"** and that, "objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or on nonreligious concerns (including about the possible effects of the vaccine), do not qualify as 'religious beliefs' under Title VII." See

11

https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws?utm_content=&utm_medium=email&utm_name=&utm_source=govdelivery&utm_term=#L (last accessed Aug. 2, 2024) (emphasis added). Here, there no factual allegations in the Complaint indicating that Plaintiff's purported belief is anything more than a personal preference.

Instead, in her Amended Complaint, Plaintiff alleges only that she "has sincerely held religious beliefs which forbid her from getting vaccinated with the COVID-19 Vaccine," and she has a "religious belief prohibiting her from getting the COVID Vaccine." Id. ¶¶14, 37, 41. However, Plaintiff does not allege how or why she was forbidden or prohibited from getting the vaccine, or that she informed Defendant of how or why she was allegedly so prohibited. See Compl., *generally*. Indeed, Plaintiff explicitly acknowledges that she informed DOE that, "my body is my temple and I dont [sic] want the COVID-19 vaccine in my body." Id. ¶23. Plaintiff fails to plead, or to even suggest, that, or how, her alleged religious belief or practice conflicted with the Vaccine Mandate.

At its essence, the Amended Complaint fails to articulate how Plaintiff's refusal to be vaccinated against COVID-19 constitutes a *bona fide religious* belief. See Compl., *generally*. Here, because Plaintiff alleges nothing more than her personal preference that she did "want the COVID-19 vaccine in my body," and sets forth only threadbare recitals of Plaintiff's alleged cause of action, which do not suffice, even at the pleading stage, Plaintiff's Title VII claim of failure to accommodate fails and must be dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp., 550 U.S. at 556; See Marte v. Montefiore Med. Ctr., 2022 U.S. Dist. LEXIS 186884 (S.D.N.Y. 2022) (dismissing Title VII failure to accommodate claims because, although the plaintiff "pleaded that she is a Born-Again Christian," the complaint "never allege[d] that

Plaintiff had a bona fide religious belief that conflicted with the [COVID-19 vaccination] mandate" for which she sought an accommodation).

### (iii) **Plaintiff Fails to Plead That She Informed DOE of Her Alleged Bona Fide Religious Belief**

Finally, Plaintiff's Title VII failure to accommodate claim fails, because while Plaintiff alleges that "in her [RA Request], she explained that her sincerely held religious belief is that, "my body is my temple and I dont [sic] want the COVID-19 vaccine in my body,"" (see Compl. ¶23), Plaintiff fails to plead facts demonstrating that she informed DOE of an alleged *bona fide* religious belief, **or** that her alleged religious belief conflicted with the Vaccine Mandate. For this reason, and for the reasons set forth in points (i) and (ii) above, Plaintiff's Title VII failure to accommodate claim fails and must be dismissed.

### C.     **Plaintiff's Failure to Engage in the Interactive Process Claim Fails**

Insofar as Plaintiff claims that she was "was not involved in an interactive dialogue with anyone at the [DOE]," (see Compl. ¶¶45-46), there is no independent claim for such failure under Title VII. Therefore, Plaintiff fails to state a claim for relief under any cognizable legal theory.

However, as an initial matter, contrary to Plaintiff's claims, as demonstrated by the Complaint, itself, Defendant did engage in the requisite interactive process with Plaintiff, including reviewing Plaintiff's appeal to the DOE's decision to deny her RA Request multiple times, and scheduling a hearing with respect to that appeal, in which Plaintiff alleges she participated. See Compl. ¶¶23-33. Nevertheless, the Second Circuit has held that an employer is not required to engage in a cooperative dialogue until Plaintiff establishes that she is entitled to an accommodation due to a sincerely held religious belief that conflicts with the Vaccine Mandate. See Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006) (employer must offer a reasonable accommodation

after the employee establishes a *prima facie* case). Furthermore, as demonstrated in Point I.B., *supra,* Plaintiff has not established that she has a bona fide religious belief that conflicts with the Vaccine Mandate, nor that informed her employer of her purported bona fide belief.

Moreover, in numerous recent decisions issued by the First Department, New York's appellate court has aptly held that in adequately informing its employees of the procedure for DOE and City employees to submit reasonable accommodation requests to their respective agencies and how to appeal denials, no further "individualized dialogue" was required given the City's need to evaluate a high volume of RA requests "under a constrained timeline during an evolving public health emergency." See Matter of Marsteller v. City of NY, 217 A.D.3d 543, 545, 192 N.Y.S.3d 18 (1st Dep't 2023), *lv rearg & lv appeal denied* 208 N.Y.S.3d 529 (Mar. 19, 2024); Matter of Lebowitz v. Bd. Of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 537 (1st Dep't 2023), *lv rearg & lv appeal denied* 41 N.Y.3d 987 (May 16, 2024); Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 416 (1st Dep't 2023); Matter of Lee v. City of New York, 221 A.D.3d 505 (1st Dep't, Nov. 21, 2023); Lynch v. Board of Educ. of the City Sch. Dist. of the City of N.Y., 198 N.Y.S. 3d 78 (1st Dep't, Nov. 14, 2021).

Though these decisions apply to the cooperative dialogue requirement under the far more stringent New York City Human Rights Law, the same reasoning applies here. Indeed, it is undisputed that Defendant offered information to its employees on how to submit RA Requests for accommodations to the Vaccine Mandate, and how to appeal denials of those requests. As Plaintiff herself concedes, she availed himself of DOE's accommodation process and appealed DOE's denial of her RA. See Compl., *generally*. Thus, no further individualized dialogue was required, especially during the course of a public health emergency. See Marsteller, 217 A.D.3d 543, 545; Lebowitz, 220 A.D.3d 537.

Here, though there is no independent cause of action under Title VII for failure to engage in the interactive process, Defendant clearly met its obligation to engage in an interactive dialogue with Plaintiff, despite having no obligation to do so. Plaintiff's claims to the contrary must, therefore, be dismissed.

## POINT II

### THE COMPLAINT FAILS TO SHOW THAT DEFENDANT VIOLATED THE UNITED STATES CONSTITUTION

**A.**  **Plaintiff Fails to Plead Facts That Support Her Claim that Defendant Deprived Plaintiff of Her First Amendment Right to Freely Exercise Her Religion**

To prevail on a Free Exercise Clause claim, a plaintiff must establish "that the object of the [challenged law] is to infringe upon or restrict practices because of their religious motivation," or that its "purpose...is the suppression of religion or religious conduct. It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." See Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003) (citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)); see also Employment Div. v. Smith, 494 U.S. 872, 879 (1990) ("the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that religion prescribes (or proscribes)") (internal quotations omitted). As such, "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." See Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002); see also Smith, 494 U.S. at 879.

The Second Circuit Court of Appeals has found the Vaccine Mandate to be constitutional on its face, and that "in all its iterations, is neutral and generally applicable." See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021). The Vaccine Mandate applies equally to all DOE employees. As such, the relevant inquiry is whether there is a rational basis for the enforcement of the Mandate. That hurdle is easily met. Id.; see also Coughlin et al. v. N.Y.S. Unified Court Sys., No. 22-CV- 04002(FB)(JMW)(E.D.N.Y. 2023).

Rational basis review requires only that Defendant show that it has chosen a "means for addressing a legitimate goal that is rationally related to achieving that goal." Kane v. De Blasio, 19 F.4th at 166. Here, as Courts have consistently recognized, during the rapid spread of the COVID-19 pandemic, it was incumbent on the DOE to take steps to mitigate the health risks to its employees by requiring that all DOE employees be vaccinated against COVID-19. See Marciano, 589 F. Supp 3d at 432. The Vaccine Mandate was "a reasonable exercise of the State's power to act to protect the public health," and, consequently, survives rational basis review. See Vasquez v Vasquez, 2024 WL 1348702. As such, Plaintiff's free exercise clause claims fail and must be dismissed accordingly.

A. **Plaintiff Fails to Demonstrate That Defendant Violated the Fourteenth Amendment of the United States Constitution**

Though it is unclear exactly what violation of the Fourteenth Amendment to the United States Constitution Plaintiff asserts here, because Plaintiff alleges, using bold and underlined font, that "the Mayor **cannot exempt certain employees** from [the various vaccine mandates implemented by the City of New York in response to the COVID-19 emergency]", Defendant construes this to mean that Plaintiff is asserting a selective enforcement claim. See Compl. ¶47. However, insofar as Plaintiff may attempt to bring a selective enforcement claim here, Plaintiff's claim fails.

To succeed on a selective enforcement claim, a plaintiff must plead facts that establish (1) the plaintiff was treated differently from a similarly situated individual; and, (2) that the "treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." See Williams v. City of N.Y., No. 14-CV-2191(ARR), 2016 U.S. Dist. LEXIS 191214, at *19 (E.D.N.Y. Mar. 23, 2016) (citations omitted). As a threshold matter, a plaintiff asserting selective enforcement claims must provide a comparator to whom they are similarly situated. See Hu v. City of New York, No. 17-CV-2348(ARR)(JRC), 2022 WL 182360 (E.D.N.Y. Jan. 20, 2022) (quoting Casciani v. Nesbitt, 659 F. Supp. 2d 427, 449 (W.D.N.Y. 2009) ("[T]he Second Circuit has stated that 'a showing that the plaintiff was treated differently compared to others similarly situated' is a 'prerequisite' . . . to a selective enforcement claim.") (citations omitted).

Simply put, Plaintiff fails to identify a single comparator or plead a single fact to show that she was treated differently by Defendant than any other similarly-situated individual whose employment was not terminated by DOE. See Picinich v. N.Y.C. Dep't of Educ., No. 16 CV 844 (CBA)(LB), 2018 U.S. Dist. LEXIS 122959 at *11 (E.D.N.Y. 2018) ("Well-pled facts showing that the plaintiff has been treated differently from others similarly situated remains an essential component of such a claim [and] [c]onclusory allegations of selective treatment are insufficient to state an equal protection claim."). Instead, Plaintiff makes only a single, vague reference to Mayor Adams' issuance of Executive Order No. 62 (see Compl. ¶47), which provided exemptions from the City's private employer vaccine mandate for, among others, professional athletes and performing artists ("Order 62"). The Court in Kane, in finding that the Vaccine Mandate did not violate the United States Constitution, held that "it is of no significance" "that [the Vaccine Mandate] does not apply to professional athletes." 623 F. Supp. 3d at 356.

Furthermore, Plaintiff, a former librarian and public schoolteacher with the DOE, is not, and was not, at the time in question, similarly situated to professional athletes or performing artists in any respect, and fails to plead facts demonstrating that show she was similarly situated to any other person at all. Therefore, any attempt by Plaintiff to bring a Fourteenth Amendment claim here fails.

## POINT III

### PLAINTIFF'S FRAUD IN THE INDUCEMENT AND DUE PROCESS CLAIMS FAIL AND MUST BE DISMISSED

As her purported third cause of action, Plaintiff alleges "fraud in the inducement to deny Plaintiff her property and liberty rights to a due process hearing as a tenured teacher mandated by Education Law 3020 and 3020-a." See Compl. at 12. Though it is somewhat unclear what violation of law Plaintiff alleges here, Defendant construes this to mean that Plaintiff alleges DOE violated her due process rights by terminating her employment following her failure to comply with the Vaccine Mandate, a lawful condition of her employment. Notably, with the exception of including the word, "fraud" in the header for her third cause of action, Plaintiff makes not a single reference to fraud of any kind throughout the Complaint. Nonetheless, Defendant sets forth below analyses of both Plaintiff's fraud in the inducement and due process claims.

**A.    Plaintiff Fails to Plead Facts Demonstrating Fraud in the Inducement**

Rule 9(b) of the Federal Rules of Civil Procedure requires that to sufficiently plead fraud in the inducement, a plaintiff is required to "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and, (4) explain why the statements were fraudulent." See Kalaj v. Kay, 2023 WL 4564795, *23 (E.D.N.Y. 2023); Kamdem-Ouaffo v. PepsiCo, Inc., 160 F. Supp. 3d 553, 567 (S.D.N.Y. 2016).

As it pertains to the purported fraud in the inducement claim set forth on pages 12 though 14 of the Complaint, Plaintiff alleges that she "was punished with wrongfully being terminated for her "insubordination" in not getting vaccinated with the COVID vaccine." See Compl. ¶50. Absent any context, Plaintiff claims that she did not waive "waive her right to a 3020-a hearing," that "[s]he wanted her due process to be honored," and that "a waiver of a teacher's tenure rights must be knowingly and freely given." Id. ¶¶52, 54. Finally, Plaintiff alleges that "[t]enured teachers have a property and liberty right to their jobs, and therefore when there is any penalty that reduces the benefits of these rights, there must be [j]ust [c]ause." Id. ¶55.

Plaintiff fails to satisfy even one of the pleading requirements to sufficiently state a fraud in the inducement claim. See Compl., *generally*. Indeed, Plaintiff does not plead any facts concerning fraudulent statements, nor about any person or persons who made fraudulent statements, nor about where or when any fraudulent statement or statements were made. For this reason, Plaintiff's fraud in the inducement claim fails and must be dismissed accordingly.

## B. Neither the Vaccine Mandate Nor the DOE's Termination of Plaintiff's Employment Violated Plaintiff's Due Process Rights

To state a violation of due process claim, a plaintiff must establish (1) that she possessed a protected property interest; and, (2) that she faced a deprivation of that interest without constitutionally adequate process. See Peralta v. N.Y. City Dep't of Educ., No. 21-CV-6833(EK)(LB), 2023 WL 6201507 *7 (E.D.N.Y. 2023). Plaintiff fails to do so. The Second Circuit has explained that "the Constitution mandates only that such process include, at a minimum, notice and the opportunity to respond." See O'Connor v. Pierson, 426 F.3d 187, 198 (2d Cir. 2005). Courts in this circuit have consistently found that the Vaccine Mandate, the process by which DOE employees were notified of the Vaccine Mandate and how to apply for an exemption to the Mandate, and the termination of their employ following an employee's failure to

comply with the Mandate, does not implicate and was not violative of due process. See e.g.,

Broecker, 535 F.Supp 3d 299; Peralta, 2023 WL 6201507, Garland, 574 F. Supp. 3d 120; Vasquez,

2024 WL 1348702. Indeed, the Broecker court held that "the pre-and post-deprivation process

[DOE plaintiffs] have been afforded upon the deprivation of Plaintiffs' continued employment and

pay were, and remain, constitutionally adequate." 535 F.Supp 3d 299 at 317.

     In her Complaint, Plaintiff alleges that she was notified by DOE of the Vaccine

Mandate, of how to apply for an exemption to the Mandate, and clearly alleges facts about all of

the steps she followed, from the date she that she was notified of the Mandate through the date her

second appeal was denied by the Citywide Panel. See Compl. ¶¶19-30, 32. Plaintiff even alleges

that she participated in a hearing with an arbitrator, and that after her appeal was denied by the

arbitrator, she was able to submit another appeal. Id. ¶26-29. Plaintiff, therefore, was not entitled

to more process than she was, and alleges to have been, provided. See Broecker, 535 F.Supp 3d

299 at 317. For these reasons, Plaintiff's claims that the DOE violated her due process rights must

be dismissed.

## POINT IV

### PLAINTIFF'S STIGMA PLUS CLAIM FAILS
### AND MUST BE DISMISSED

     Notwithstanding the fact that Plaintiff has failed to offer any factual or legal support

for what appears to be her stigma plus claim (see Compl. ¶¶4, 57), to the extent that Plaintiff does

attempt to set forth a stigma plus cause of action, any such claim fails and should be dismissed

accordingly.

     To state a claim of stigma plus, a plaintiff must allege "(1) an injury to one's

reputation (the stigma); (2) the deprivation of some 'tangible interest' or property right (the plus)

(3) absence of adequate process." See Xu v. City of New York, No. 08-CV-11339(AT)(RWL),

2020 WL 8671952, *75-76 (S.D.N.Y. 2020); quoting Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006) (internal quotation marks and citation omitted). To demonstrate stigma, a plaintiff must satisfy a three-prong test. First, the plaintiff must show that "the government made stigmatizing statements about her," which statements either "call into question the plaintiff's good name, reputation, honor, or integrity" or "denigrate the employee's competence as a professional and impugn the employee's professional reputation in such a fashion as to effectively put a significant roadblock in that employee's continued ability to practice his or her profession." Id. at *76. Second, a plaintiff must show that the "stigmatizing statements were made public." Id. Third, a plaintiff must show that "the stigmatizing statements were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal." See Segal, 459 F.3d at 212-13.

As an initial matter, as set forth in Point III above, Plaintiff was given all of the process she was due here, and courts throughout this Circuit have held that the Vaccine Mandate does not implicate due process rights. Furthermore, at no time was there ever a problem code of any sort placed on any of Plaintiff's personnel files, and Plaintiff fails to factually demonstrate, beyond her conclusory hearsay statement, that such was the case. See Compl. ¶34. Moreover, even were such a code to exist, it would indicate only that Plaintiff was not compliant with the Vaccine Mandate, which, as Plaintiff makes clear in her Complaint, is entirely true. See, e.g., Compl. ¶¶2, 14, 37.

Nevertheless, though Plaintiff's allegations with respect to a "problem code" are entirely baseless and are supported by no actual facts, were the Court to give weight to Plaintiff's allegations for the purposes of her pleading, Plaintiff fails to satisfy even one of the three prongs of the stigma test set forth in Segal, 459 F.3d at 212-13. Here, absent even an iota of factual support for her claim, Plaintiff alleges that her fingerprints were placed in a "Problem Code"

database, which, she alleges, is "sent to the same database used by the FBI and which permanently scars her as committing misconduct, specifically insubordination," and that "as long as she is on the Problem Code database she is blocked from getting a salary for any new position at the Department."[4]  See Compl. ¶3.  Plaintiff also alleges that she "was told" by some unidentified entity that "her fingerprints were placed on the [DOE's] "no-hire/inquiry"/"Problem Code" [sic] database." Id. ¶34.  However, Plaintiff fails to plead even a single fact that shows that (1) the alleged "problem code" called into question her good name or denigrated her competence as a professional, (2) that the alleged "problem code" was made public, or (3) that the alleged problem code was made concurrently with, or in close temporal relationship to, her termination from DOE. See Segal, 459 F.3d at 212-13.  Indeed, absent Plaintiff's baseless, conclusory statements, she fails to plead any facts indicating that the alleged "problem code" ever prevented her from getting other employment, or that the alleged "problem code" prevented her from being reinstated to her employment with DOE.  In offering nothing more than conclusory assumptions about third-party access to internal DOE records, Plaintiff fails to plead facts demonstrating that anyone outside of the DOE ever had access to the alleged "problem code" or to her internal DOE files.  And it is well-settled law that conclusory statements are not enough to survive a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to survive a motion to dismiss]").

> For these reasons, Plaintiff's stigma plus claim fails and must be dismissed.

---

[4] See *supra* note 6.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its motion to dismiss the Complaint be granted in its entirety, that judgment in favor of Defendant be entered, and that Defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
              August 26, 2024

> **MURIEL GOODE-TRUFANT**
> Acting Corporation Counsel of the
>    City of New York
> *Attorney for Defendant*
> 100 Church Street, Room 2-190
> New York, New York 10007
> 212-356-2467

By:   /s/ *Kathleen M. Linnane*
         Kathleen M. Linnane
         Assistant Corporation Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MAUREEN HURLEY,

                                    Plaintiff,        **NOTICE OF MOTION TO
                                                      DISMISS THE
                                                      COMPLAINT**

                 -against-

                                                      No. 24-cv-01664(NRM)(LKE)

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK

                                    Defendant.

-------------------------------------------------------------------------X

  **PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law

in Support of Defendant's Motion to Dismiss the Complaint, dated August 26, 2024, and upon

all the papers and proceedings previously had herein, the undersigned will move this Court,

before the Hon. Nina R. Morrison, United States District Judge, at the United States Courthouse

for the Eastern District of New York, located at 225 Cadman Plaza, Brooklyn, New York, 11201,

on a date and time to be determined by the Court, pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure, dismissing the Complaint in its entirety on the grounds that, as a matter of

law, the Complaint fails to adequately state a claim upon which relief can be granted and for

further relief as the Court may deem just and proper.

  **PLEASE TAKE FURTHER NOTICE** that Plaintiff's answering papers, if any,

shall be served upon the undersigned on or before September 16, 2023, Defendant shall serve its

reply papers, if any, upon Plaintiff on or before September 23, 2024, and Defendant shall file the

fully-briefed motion via ECF on or before September 23, 2024.

Dated: New York, New York
August 26, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, Room 2-190
New York, New York 10007
(212) 356-2467

By:   /s/ *Kathleen M. Linnane*

Kathleen M. Linnane
Assistant Corporation Counsel
klinnane@law.nyc.gov

cc:   All Parties of Record (By ECF)
M. Hurley (By email to miami64@earthlink.net)
M. Hurley (By Certified Mail, Return Receipt, United States Postal Service to:
   18 Kisco Park Drive
   Mount Kisco, New York 10549)