No. 24-cv-01664 (NRM)(LKE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAUREEN HURLEY,

                                        Plaintiff,

- against -

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                                        Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANT'S MOTION
TO DISMISS THE COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the*
*City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-196*
*New York, N.Y. 10007*
*Attorney for Defendant*

*Of Counsel: Ilona J. Ehrlich*
*Tel: (212) 356-2549*
*Matter No. 2024-048849*

**DATE OF SERVICE: October 31, 2024**

# TABLE OF CONTENTS

                                                                                      **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    POINT I ................................................................................................................... 2

        PLAINTIFF FAILS TO STATE A DISCRIMINATION CLAIM ...................... 2

    POINT II .................................................................................................................. 4

        PLAINTIFF FAILS TO STATE A FAILURE TO ACCOMMODATE CLAIM ................................................................................ 4

    POINT III ................................................................................................................. 6

        PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT CLAIMS SHOULD BE DISMISSED ................................................................................. 6

    POINT IV ................................................................................................................. 8

        PLAINTIFF'S STIGMA PLUS CLAIM FAILS AS A MATTER OF LAW ...................................................................................... 8

    POINT V .................................................................................................................. 9

        PLAINTIFF FAILS TO PLEAD A FRAUD IN THE INDUCEMENT CLAIM ........................................................................................ 9

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**                                                                                               **Pages**

Matter of Ansbro v. Nigro,
   2022 N.Y. Misc. LEXIS 3904
   (Sup. Ct. New York Cnty. 2022) .......................................................................................... 8

Beickert v. N.Y.C. Dep't of Educ.,
   No. 22 Civ. 5265 (DLI) (VMS), 2023 U.S. Dist. LEXIS 170719
   (E.D.N.Y. Sept. 25, 2023) ................................................................................................ 4, 6

Broecker v. N.Y.C. Dep't of Educ.,
   573 F. Supp. 3d 878 (E.D.N.Y. 2021) ............................................................................. 3, 9

Broecker v. N.Y.C. Dep't of Educ.,
   585 F. Supp. 3d 299 (E.D.N.Y. 2022) ................................................................... 7, 8, 9, 10

Matter of Clarke v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
   2023 N.Y. Slip Op. 00945
   (App. Div. 1st Dep't 2023) ............................................................................................. 7, 11

D'Cunha v. Northwell Health Sys.,
   2023 WL 2266520
   (S.D.N.Y. Feb. 28, 2023) ...................................................................................................... 2

Dicapua v. City of N.Y.,
   2023 N.Y. Slip Op. 34644(U)
   (Sup. Ct. Richmond Cnty. Sept. 6, 2023) ........................................................................... 11

Garland v. N.Y.C. Fire Dep't,
   574 F. Supp. 3d 120 (E.D.N.Y. 2021) ......................................................................... 6, 7, 8

Gonzalez v. City of N.Y.,
   2024 U.S. Dist. LEXIS 56814
   (E.D.N.Y. Mar. 28, 2024) .................................................................................................... 7

Green v. Dep't of Educ.,
   2019 U.S. Dist. LEXIS 127545
   (S.D.N.Y. July 31, 2019) ..................................................................................................... 8

Hanig v. Yorktown Cent. Sch. Dist.,
   384 F. Supp. 2d 710 (S.D.N.Y. 2005) ................................................................................. 7

Matter of Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
   220 A.D.3d 416 (1st Dep't 2023) ........................................................................................ 5

**Cases**                                                                                           **Pages**

Kane v. De Blasio,
   623 F. Supp. 3d 339 (S.D.N.Y. 2022) ............................................................... 3, 6, 7, 8, 10

Lanzer v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
   No. 160017/2021, 2022 N.Y. Misc. LEXIS 24961
   (Sup. Ct. New York Cnty. Jan. 21, 2022) ......................................................................... 11

Matter of Lebowitz v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
   220 A.D.3d 537 (1st Dep't 2023) ....................................................................................... 5

Loiacono v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
   2022 N.Y. Slip Op. 30758(U)
   (Sup. Ct. New York Cnty. Mar. 31, 2022) ........................................................................ 11

Matter of Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
   221 A.D.3d 456 (1st Dep't 2023) ........................................................................................ 5

Marsteller v. City of N.Y., et al.,
   217 A.D.3d 543 (1st Dep't 2023) ........................................................................................ 5

Matter of Nofal v. Nofal,
   35 A.D.3d 1132 (3d Dep't 2006) ........................................................................................ 5

O'Reilly v Bd. of Educ.,
   2022 N.Y. Slip Op. 30173(U)
   (Sup. Ct. New York Cnty. 2022) ......................................................................................... 6

Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
   213 A.D.3d 560 (1st Dep't 2023),
   *aff'd*, 2024 N.Y. Slip Op. 05130
   (Ct. App. Oct. 17, 2024) ............................................................................................. 3, 11

Russo v. Patchogue-Medford Sch. Dist.,
   No. 22 Civ. 01569 (HG), 2024 U.S. Dist. LEXIS 6908
   (E.D.N.Y. Jan. 12, 2024) .................................................................................................... 6

Sadallah v. City of Utica,
   383 F.3d 34 (2d Cir. 2004) ................................................................................................. 9

We the Patriots USA, Inc. v. Hochul,
   17 F.4th 266 (2d Cir. 2021) ................................................................................................ 6

**Statutes**

Fed. R. Civ. P. 9(b) ................................................................................................................ 10

| **Statutes** | **Pages** |
|---|---|
| N.Y. Educ. Law § 3020 | 11 |
| N.Y. Educ. Law § 3020-a | 11 |

## PRELIMINARY STATEMENT

Plaintiff's Opposition does not raise any colorable arguments to avoid dismissal. Other than reiterating bare conclusions, Plaintiff fails to raise an inference of discrimination or show that Defendant acted with discriminatory intent. Plaintiff also does not assert a prima facie case for her failure to accommodate claims because she does not allege any facts showing she has a bona fide religious belief that conflicts with the Covid-19 vaccine. Further, in light of the Vaccine Mandate, the Department of Education ("DOE") was required to comply with its obligation to provide a safe workplace, and accommodating Plaintiff's request would have been an undue burden on the DOE. Plaintiff's claim that the DOE did not engage in a cooperative dialogue is belied by the fact that numerous courts have found the request and appeals processes were enough to meet this requirement, and Plaintiff herself demonstrates she had ample opportunity to engage in the reasonable accommodation request and the appeals processes. In addition, Plaintiff's Opposition relies on broad recitations of Constitutional rights, while failing to address case law establishing that the Vaccine Mandate was constitutionally permissible, neutral, and generally applicable. Plaintiff's Stigma Plus claim fails because Plaintiff does not allege it is based on any false information, or that any allegedly false information was ever disseminated outside of the DOE. Plaintiff's Opposition fails to overcome the deficiency in her fraud claim, which fails to establish that Defendant made any materially false representation, let alone with knowledge of its falsity or an intent to defraud.

Accordingly, for the reasons below and in Defendant's initial moving papers, the Complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

### POINT I

#### PLAINTIFF FAILS TO STATE A DISCRIMINATION CLAIM

Plaintiff's discrimination claims under Title VII, the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL") should be dismissed because she fails to allege facts raising an inference of discrimination. Rather, she offers nothing more than conclusory allegations that do not support any of her claims of discrimination. Plaintiff fails to rebut Defendant's arguments that Plaintiff's purported religion was not a motivating factor in DOE's decision to deny her accommodation request or terminate her employment. See Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def.'s Mem") at 9.

Indeed, the only argument Plaintiff makes in defense of her discrimination claim is that the Citywide Panel, which heard appeals of religious exemption denials, was supposedly "secret," which, she contends, "is most certainly discriminatory and in bad faith. An inference that Plaintiff was discriminated against and set up to fail must be made." See Pl.'s Opp. at p. 6-7. This cannot save her discrimination claim from dismissal. As set forth in Defendant's motion, Plaintiff fails to allege she was criticized in "religiously degrading terms," or that "invidious comments" were made about her or others who held the same alleged religious belief, or that there was different or more favorable treatment of others who did not hold her religious beliefs. See Def. Mem. at 9 (quoting D'Cunha v. Northwell Health Sys., 2023 WL 2266520, at *6 (S.D.N.Y. Feb. 28, 2023)). In the absence of such allegations, her discrimination claims must be dismissed.

Elsewhere in her Opposition, Plaintiff makes additional stray and conclusory references to alleged discrimination, but none of these can sustain her claim either. For instance,

Plaintiff argues that the "Scheinman Award" was discriminatory and, therefore, she has alleged "invidious discriminatory animus." See Pl.'s Opp. at 20. However, Plaintiff does not have standing to challenge any aspect of the Impact Arbitration Award that was issued by Martin Scheinman, the mediator appointed by the DOE, City of New York, and United Federation of Teachers' union. See Broecker v. N.Y.C. Dep't of Educ., 573 F. Supp. 3d 878, 886 (E.D.N.Y. 2021) (noting that it was "dubious" whether plaintiffs had standing to challenge Impact Arbitration Award); see also Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 213 A.D.3d 560, 561 (1st Dept. 2023) (holding that petitioners lacked standing to challenge the Impact Arbitration Award). Further, Plaintiff does not indicate how or why the language in the "Scheinman Award" is "discriminatory," and moreover, the Award was not issued by the DOE, but rather an arbitrator who was an independent third party.

Plaintiff also argues that she was "suddenly" put on Leave Without Pay ("LWOP"), was flagged with a "Problem Code," and "blocked from ever getting a job with Defendant due to the stigma now attached to her file, solely because of her religious beliefs." See Pl.'s Opp. at 19. This argument should be rejected because here again, Plaintiff fails to allege any non-conclusory facts that could support an inference of discrimination. Moreover, the "clear object" of the Vaccine Mandate was to "reduce the spread of COVID-19 in New York's schools and permit them to open," see Kane v. De Blasio, 623 F. Supp. 3d 339, 346 (S.D.N.Y. 2022), not to punish individuals for their religious beliefs. Plaintiff's opposition identifies no facts from which the Court could infer any of the alleged adverse actions were taken because of her religious beliefs. Rather, they were the result of Plaintiff's refusal to get vaccinated pursuant to a lawful policy to protect public health.

Plaintiff further argues that the criteria used to evaluate religious accommodation requests by the "SAMS panel and the Citywide Panel" were a "mystery," and that her opposition

3

has shown "animus and discrimination against the unvaccinated Plaintiff because anything could be used against her." See Pl.'s Opp. at 8-9. However, Plaintiff's allegation that the criteria were a "mystery" does not give rise to an inference of discrimination.

As such, discrimination claims are still inadequately pled and should be dismissed.

## POINT II
## PLAINTIFF FAILS TO STATE A FAILURE TO ACCOMMODATE CLAIM

Plaintiff's opposition fails right out of the gate because it fails to cure the absence of any allegation in her Complaint that she has a bona fide religious belief that conflicts with the Covid-19 vaccine, let alone that she informed DOE of any such belief. While she makes an isolated reference to being "Catholic," she argues her "religious beliefs [] are personal." See Pl.'s Opp. at 20. This vague reference cannot sustain the first or second element of her failure to accommodate claim.

Plaintiff appears to argue that the issue of whether the DOE sustained an undue burden is a question of fact because "Defendant never gave Plaintiff any details of why her religious exemption and accommodation were denied, nor was there ever a cooperative dialogue." See Pl.'s Opp. at 8, 12-13. But this does not cure the fundamental, and fatal, weakness in her Complaint, i.e. that she fails to plead she had a bona fide religious belief that conflicted with the Covid-19 vaccine. Further, allowing Plaintiff, an unvaccinated teacher, to teach while unvaccinated is an undue hardship because of the safety risk it would cause to others. See Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *11 (E.D.N.Y. 2023) (finding that the DOE could not accommodate an unvaccinated teacher without suffering an undue hardship). Allowing her to teach remotely would also have been an undue hardship. See id.

4

Plaintiff's argument that Defendant did not engage in a cooperative dialogue is belied by the fact that she admits she submitted an appeal to the Citywide Panel and had the opportunity to submit any documentation she chose in support of her appeal. See Compl. ¶ 25-26, 30, 38 44. New York state courts have held that this satisfies the cooperative dialogue requirement of the SHRL and CHRL. See Marsteller v. City, et al., 217 A.D.3d 543, 545 (1st Dept. 2023); see also Matter of Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 416, 417 (1st Dept. 2023); Matter of Lebowitz v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 537, 538 (1st Dept. 2023); Matter of Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 221 A.D.3d 456, 458 (1st Dept. 2023). Her claims that DOE failed to engage in a cooperative dialogue should accordingly be dismissed.

An "employer must offer plaintiff a reasonable accommodation unless doing so would cause the employer to suffer an undue hardship." Matter of Nofal v. Nofal, 35 A.D.3d 1132 (3d Dept. 2006). Plaintiff argues that "[t]he . . . burden falls onto the Defendant to prove that they had an undue burden in giving her an accommodation . . . making an effort to accommodate Plaintiff as a tenured teacher unable to be vaccinated was never attempted in any form." See Pl.'s Opp. at 5. However, other courts in this Circuit have found that permitting a plaintiff to work unvaccinated in DOE facilities, or to work remotely indefinitely, would have created an undue burden. There is no dispute that DOE was required to comply with the City Order requiring all City employees to provide proof of COVID-19 vaccination. The Vaccine Mandate was not only lawful and enforceable but also created a lawful, enforceable qualification of employment that all employees had to meet, absent an accommodation or exemption, in order to remain employed. See Garland v. NYC Fire Dept., 574 F Supp 3d 120, 129 (E.D.N.Y. 2021); see also We the Patriots USA, Inc. v. Hochul, 17 F4th 266, 294 (2d Cir. 2021) (upholding vaccination as a "condition of

employment" in the healthcare field); O'Reilly v Bd. of Educ., 2022 NY Slip Op 30173[U], at *4 (Sup. Ct., N.Y. 2022) (recognizing that vaccination was a "prerequisite to doing the job in the first instance").

Plaintiff has not addressed how "allowing her to keep her job while unvaccinated with the COVID Vaccine" would not have placed undue hardship on DOE. See Pl.'s Opp at 3. Regardless, Defendants reiterate the findings of courts in the Second Circuit: to grant Plaintiff these requests would have placed an undue hardship on the employer. See e.g., Russo v. Patchogue-Medford Sch. Dist., No. 22 Civ. 01569 (HG) (SIL), 2024 U.S. Dist. LEXIS 6908, at *17 (E.D.N.Y. Jan. 12, 2024) (teacher's proposed accommodation to "work remotely while delegating her in-person responsibilities to other employees would have caused Defendants an undue hardship."); Beickert, 2023 U.S. Dist. LEXIS 170719, at *14-7 (DOE teacher's request to either be allowed to teach in-person unvaccinated, or teach remotely, would have placed undue hardship on DOE); Kane v. De Blasio, 623 F. Supp. 339, 363 (S.D.N.Y. 2022) (DOE teacher's "inability to teach [her] students safely in person presents more than a de minimis cost.").

As a result, Plaintiff's failure to accommodate claims should be dismissed.

### POINT III
### PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT CLAIMS SHOULD BE DISMISSED

Plaintiff's opposition fails to make any argument in support of her First or Fourteenth Amendment claims. Rather, she regurgitates irrelevant caselaw about the First Amendment without positing why her First and Fourteenth Amendment claims should not be dismissed. The Court should accordingly deem them abandoned and they should be dismissed for this reason alone. See, e.g., Hanig v. Yorktown Cent. Sch. Dist., 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005)..

In any event, and contrary to any assertion that the Vaccine Mandate itself was not neutral or generally applicable, the City of New York vaccination requirement at issue here has been upheld as a lawful and constitutionally permissible condition of employment numerous times. As set forth in Defendant's moving papers, the Vaccine Mandate has been repeatedly upheld as lawful by every Court that has considered it, and as such, the Vaccine Mandate is unassailable and legally sound. See Def. Mem. at 2, 4-5, 8-11.

The Vaccine Mandate has withstood multiple legal challenges in New York, and each court found the Vaccine Mandate constitutionally permissible and enforceable. Indeed, the First Department has upheld COVID-19 vaccination as a condition of employment for DOE employees. See Matter of Clarke v. Bd. Of Educ. Of the City Sch., 213 A.D.3d 548 (1st Dept. 2023). Furthermore, a court in the Eastern District has explicitly held that the City's order "establishing the Vaccination Mandate has established a lawful, enforceable condition of employment […] which all NYC DOE employees must satisfy in order to remain employed by the NYC DOE." See Broecker, 585 F. Supp. 3d 299. Several other courts have similarly found that the Vaccine Mandate created a "condition of employment" for City employees at FDNY. See Garland v. N.Y.C. Fire Dep't, 574 F. Supp 3d 120 (E.D.N.Y. 2021); see also Gonzalez v. City of N.Y., 2024 U.S. Dist. LEXIS 56814 (E.D.N.Y. 2024); Kane v. DeBlasio, 623 F. Supp 3d 339, 363 (S.D.N.Y 2022).

The DOE, consistent with the obligation to provide a safe workplace, and in compliance with the lawful Vaccine Mandate, could not permit unvaccinated employees, absent exemption or accommodation required by law that did not impose an undue burden, to perform work for DOE. In the event an employee subject to the Mandate violated that lawful condition of their employment, that person became ineligible for employment. See Garland, 2021 U.S. Dist.

LEXIS 233142 at *14 (holding that unvaccinated FDNY employees who failed to receive the COVID-19 vaccine violated a condition of their employment); see also Matter of Ansbro v. Nigro, 2022 N.Y. Misc. LEXIS 3904 (Sup. Ct., N.Y. Cty. 2022).

Plaintiff ignores the fact that no court has found a constitutional violation regarding the COVID-19 Vaccine Mandate for DOE employees at issue here. See Broecker, 585 F. Supp. 3d at 312 (finding that the pre-and post-deprivation process that plaintiffs were afforded during the Vaccine Mandate process were constitutionally adequate); see also Kane, 623 F. Supp. 3d at 364 (Second Circuit found the DOE Vaccine Mandate did not violate Constitutional rights). Any First and Fourteenth Amendment claims should accordingly be dismissed.

## POINT IV
## PLAINTIFF'S STIGMA PLUS CLAIM FAILS AS A MATTER OF LAW

Plaintiff's argument that she was "suddenly put on Leave Without Pay (LWOP), her fingerprints were flagged by a Problem Code which meant she was blocked from ever getting a job with" DOE, see Pl.'s Opp. at 19, cannot sustain her Stigma Plus claim because there is no allegation any of this alleged information was published to anyone outside DOE. See Green v. Dep't of Educ., 2019 U.S. Dist. LEXIS 127545 at *33-34 (S.D.N.Y. 2019). Plaintiff merely argues the "Problem Code is not secret, and a principal and others who inquire about a DOE employee are given the paperwork." See Pl.'s Opp. at 19-20. But this only highlights the fact that the information was not published to any entity *outside of* DOE. Moreover, Plaintiff cannot sustain a Stigma Plus claim because she admits that she was placed on LWOP and was "flagged with a Problem Code" due to her refusal to comply with the Vaccine Mandate. See Compl. ¶¶ 3-4, 34, 52. As set forth in Defendant's motion, it is true that Plaintiff refused to be vaccinated, and her claim fails without an alleged "statement sufficiently derogatory to injure his or her reputation, that

is capable of being proved false, and that he or she claims is false" Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004) (quotation marks and citation omitted). Her last-ditch, conclusory argument at page 21 of her Opposition that the code "certainly is" "available to anyone outside DOE," See Pl. Opp. at 21, also misses the mark because it does not allege that anything related to Plaintiff's alleged Problem Code was ever actually shared outside of DOE. Plaintiff's Stigma Plus claim accordingly fails

## POINT V
## PLAINTIFF FAILS TO PLEAD A FRAUD IN THE INDUCEMENT CLAIM

As an initial matter, it is difficult to ascertain from Plaintiff's opposition precisely what purportedly fraudulent statements are the subject of her claim. Plaintiff appears to raise three arguments for why she has adequately pled fraud in the inducement, all of which fail. First, Plaintiff argues that Defendant "committed fraud on the employees who applied for religious exemptions starting in 2020, when the Defendant made a secret deal with the UFT to change the terms of employment as well as the articles in the contract (CBA) for employees without these issues ever being brought to any employee . . . ." See Pl.'s Opp. at 21. This argument should be rejected because, as set forth above, Plaintiff does not have standing to challenge the Impact Arbitration Award. See Broecker v, 573 F. Supp. 3d at 886. Even assuming Plaintiff could challenge the Impact Arbitration Award, she has not joined a necessary party, i.e. Plaintiff's union the United Federation of Teachers ("UFT"). Id. Further, the Impact Arbitration Award was not "secret" because its terms are publicly available. See Broecker, 585 F. Supp. 3d at 312. Finally, Plaintiff fails to explain in a non-conclusory fashion how any alleged agreements between the UFT and Defendant were fraudulent, which is a necessary element of a fraud claim. See Fed. R. Civ. P. 9(b).

Second, Plaintiff argues that Defendant gave "false hope to more than 1000 employees as they were told they could apply for religious exemptions from first the Scheinman SAMS Arbitrators, and then the Citywide Panel. Both Panels were bogus in terms of state and Federal Law. Denials were pre-set." See Pl.'s Opp. at 21. This argument should be rejected because it does not satisfy the elements of a fraud claim. See Fed. R. Civ. P. 9(b). Specifically, Plaintiff does not allege any facts to support her claim that "Denials were pre-set," much less who decided they were "pre-set," when the decision to deny was "pre-set," and where the decision to deny was "pre-set." With respect to the "SAMS arbitrators," any claim of fraud that the "denials were pre-set" is undermined by the fact that some accommodation requests were indeed granted. See Kane, 623 F. Supp. 3d at 362.

Third, Plaintiff argues that the "Scheinman's September 10, 2021 Award was a fraud because he wrote that LWOP, the…suspension…of tenured and untenured educators who [refused] the COVID vaccine was 'not' disciplinary, but it most certainly was disciplinary because of the very secret placement of all unvaccinated employees onto the problem code." Id. This argument should be rejected because enforcement of the Vaccine Mandate was not disciplinary. See Broecker, 585 F. Supp. 3d at 318("[t]he termination of NYC DOE employees who failed to comply with the COVID-19 vaccination condition of employment [was] not disciplinary"). Additionally, and relatedly, this argument cannot save Plaintiff's fraud claim because it fails to explain why the alleged statement that LWOP and suspensions of unvaccinated teachers was fraudulent.

To the extent Plaintiff contends, in support of her fraud claim, that "Defendant wanted to stay in control and did not want any arbitrator at a § 3020-a [hearing] not terminate an employee who remained unvaccinated," see Pl.'s Opp. at 17, this is unavailing. Employees were

10

not entitled to Education Law §§ 3020 and 3020-a hearing procedures before being placed on LWOP for failure to vaccinate, since vaccination compliance was a condition of employment. The Court of Appeals most recently held in the Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., No. 77, 78, 2024 N.Y. LEXIS 1591, 2024 N.Y. Slip. Op. 05130 (Oct. 17, 2024) as well as a series of related cases, including Matter of Clarke, 213 A.D.3d at 548, Lanzer v. Bd. of Educ. of the City Sch. Dist., No. 160017/2021, 2022 N.Y. Misc. LEXIS 24961 (Sup. Ct., N.Y. Cty. Jan. 21, 2022), Dicapua v. City of N.Y., Index No. 85035/2023, 2023 N.Y. Slip. Op. 34644(U) (Sup. Ct., Richmond Cty. Sept. 6, 2023), and Loiacono v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., Index No. 161076/2021, 2022 N.Y. Slip. Op. 30758(U) (Sup. Ct. N.Y. Cty. Mar. 31, 2022), that (1) teachers could be placed on leave without pay without a disciplinary hearing; and, (2) petitioners lacked standing to challenge the Impact Arbitration Award and had failed to join the UFT, which would be a necessary party to any challenge to the Award. Notably, the Court of Appeals held in O'Reilly that the vaccine mandate was a condition of employment for DOE employees, and termination for failure to comply with the mandate did not implicate disciplinary proceedings.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendant's moving memorandum of law, Defendant respectfully requests that its Motion to Dismiss the Complaint be granted in its entirety, that judgment in favor of Defendant be entered, and that Defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           October 31, 2024

                                              **MURIEL GOODE-TRUFANT**
                                              Acting Corporation Counsel of the
                                              City of New York
                                              *Attorney for Defendant*
                                              100 Church Street, Room 2-196
                                              New York, New York 10007
                                              212-356-2549

                            By:    /s/ *Ilona J. Ehrlich*
                                      Ilona J. Ehrlich
                                      Assistant Corporation Counsel