No. 24-cv-01664 (NRM)(LKE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAUREEN HURLEY,

Plaintiff,

- against -

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

Defendant.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

*STEVEN BANKS*
*Corporation Counsel of the*
*City of New York*
*Attorney for Defendant*
*100 Church Street, Second Floor*
*New York, N.Y.  10007*

*Of Counsel: Brigid Lynn*
*Tel: (212) 356-2481*
*Matter No. 2024-048849*

**DATE OF SERVICE: March 16, 2026**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT ...................................................................................................... 2

      POINT I

          ALL CLAIMS THAT HAVE BEEN
          ABANDONED SHOULD BE DISMISSED ........................................... 2

      POINT II

          PLAINTIFF'S TITLE VII CLAIMS MUST BE
          DISMISSED ...................................................................................... 2

          A.   Religious Discrimination ..................................................... 2

          B.   Failure to Accommodate ...................................................... 3

      POINT III

          PLAINTIFF'S CONSTITUTIONAL CLAIMS
          MUST BE DISMISSED .................................................................... 4

          A.   Due Process ......................................................................... 4

          B.   First Amendment Free Exercise .......................................... 5

          C.   First Amendment Retaliation ............................................... 6

      POINT IV

          PLAINTIFF FAILS TO STATE FRAUD AND
          FRAUD IN THE INDUCEMENT CLAIMS ........................................ 7

CONCLUSION ................................................................................................... 8

CERTIFICATION .............................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

Barrett v. Dep't of Educ.,
    2025 U.S. Dist. LEXIS 121864 (E.D.N.Y. June 26, 2025) ........................................................6

Beckles v. N.Y.C. Dep't of Educ.,
    2025 U.S. Dist. LEXIS 149503 (E.D.N.Y. Aug. 4, 2025)..........................................................4

Broecker v. N.Y.C. Dep't of Educ.,
    585 F. Supp. 3d 299 (E.D.N.Y, 2022) .................................................................................4, 5

Fugelsang v. Dep't of Educ. of N.Y.C.,
    2025 U.S. Dist. LEXIS 61440 (E.D.N.Y. Mar. 31, 2025) ......................................................5, 6

Garland v. New York City Fire Dep't,
    574 F. Supp. 3d 120 (E.D.N.Y. 2021) ......................................................................................4

Goolsby v. City of New York,
    83 Misc. 2d 445 (Sup. Ct. N.Y. Cty),
    aff'd Goolsby v. City of New York,
    2025 N.Y. App. Div. LEXIS 1179 (1st Dept. Mar. 4, 2025)......................................................5

Greenbaum v. N.Y. City Transit Auth.,
    2022 U.S. App. LEXIS 22589 (2d Cir. Aug. 15, 2022)..............................................................3

Groff v. DeJoy,
    600 U.S. 447 (2023)..............................................................................................................1, 3

Hurley v. Dep't of Educ. of the City of N.Y.,
    2025 U.S. Dist. LEXIS 188282 (E.D.N.Y. Sep. 23, 2025)........................................................6

Kalaj v. Kay,
    2023 U.S. Dist LEXIS 122687 (E.D.N.Y. Jul. 17, 2023).........................................................7

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) .....................................................................................................6

Lowman v. NVI LLC,
    821 Fed. Appx. 29 (2d Cir. 2020)............................................................................................2

New Yorkers for Religious Liberty, Inc., v. City of New York,
    125 F. 4th 319 (2d Cir. 2025) ...............................................................................................3, 6

Peralta v. N.Y. City Dept. of Educ.,
    2023 U.S. Dist. LEXIS 169529 (E.D.N.Y. Sep. 22, 2023)........................................................4

**Cases**                                                                                     **Pages**

Postell v. Fallsburg Library,
    2022 U.S. Dist. LEXIS 66900 (S.D.N.Y. Apr. 8, 2022)...........................................................2

Trabacchi v. Dep't of Educ.,
    2025 U.S. Dist. LEXIS 148512 (E.D.N.Y. Jul. 31, 2025) ........................................................7

Vasquez v. City of N.Y.,
    2024 WL 13487 02 (E.D.N.Y. Mar. 30, 2024) ......................................................................4

Wilkov v. Ameriprise Fin. Servs.,
    753 F. App'x 44 (2d Cir. 2018) ............................................................................................2

**Statutes**

Fed. R. Civ. P. 9(b) ......................................................................................................................1, 7

N.Y. Educ. Law § 3020 ....................................................................................................................5

N.Y. Educ. Law § 3020-a .............................................................................................................4, 5

## PRELIMINARY STATEMENT

Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Opposition") does not raise any colorable arguments to avoid dismissal. Instead, Plaintiff reiterates the same conspiracy theories and conclusory allegations in an attempt to state a claim for relief. First, Plaintiff does not oppose Defendant's arguments that the Fourteenth Amendment selective enforcement claim, Title VII retaliation claims, and the stigma plus claim should be dismissed. These claims have, therefore, been abandoned by Plaintiff and should be dismissed. Second, Plaintiff's arguments in support of her Title VII religious discrimination claim fail because Plaintiff does not allege that she was subject to any discriminatory treatment by DOE. Third, Plaintiff does not raise any arguments to meaningfully support her Title VII failure to accommodate claim because, as this Court previously held, it would have been an undue burden to accommodate Plaintiff's request for a full exemption to the Vaccine Mandate. Plaintiff's argument that, accommodating her would not have been an undue hardship, based on Groff v. DeJoy, 600 U.S. 447 (2023), is entirely meritless as this court has already held to the contrary. Fourth, Plaintiff's arguments in support of her Constitutional claims, namely her First Amendment free exercise and retaliation claims, do not save either of these claims because Plaintiff's exemption request was denied on undue hardship grounds, and because Plaintiff does not allege a causal connection between any protected speech or activity and an adverse action. Fifth, Plaintiff's due process claim must be dismissed because, contrary to Plaintiff's arguments in her Opposition, she was provided adequate process under the Constitution. Lastly, Plaintiff's Opposition fails to cure the deficiencies in her fraud claim, which does not meet the heightened pleading standard required by Federal Rules of Civil Procedure 9(b).

Accordingly, for the reasons below and in Defendant's initial moving papers, the Amended Complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

### POINT I

### ALL CLAIMS THAT HAVE BEEN ABANDONED SHOULD BE DISMISSED

In Plaintiff's Opposition, Plaintiff does not oppose Defendant's argument that her stigma plus claims must be dismissed. See Opp., generally. Plaintiff also does not address or rebut Defendant's arguments that her Fourteenth Amendment selective enforcement claim should be dismissed, as well as her Title VII retaliation claim. See id. These claims should, therefore, be deemed abandoned and dismissed. See Wilkov v. Ameriprise Fin. Servs., 753 F. App'x 44, 46 n.1 (2d Cir. 2018) (plaintiff's failure to oppose particular issues in opposition indicates an intention to abandon claims); Postell v. Fallsburg Library, 2022 U.S. Dist. LEXIS 66900, at *20-21 (S.D.N.Y. Apr. 8, 2022) (finding pro se plaintiff abandoned age, national origin, and perceived disability claims by failing to oppose defendant's arguments for dismissal).

### POINT II

### PLAINTIFF'S TITLE VII CLAIMS MUST BE DISMISSED

#### A.    Religious Discrimination

Plaintiff does not raise any arguments in her Opposition that meaningfully support her religious discrimination claim. Instead, Plaintiff merely proclaims that she has alleged a plausible claim of religious discrimination because she "stated that Defendant's discriminatory imposition of the COVID Vaccine Mandate on employees and, at the same time, placing her fingerprints into the "Problem Code" has permanently scarred her career, and life." Opp. at 10. What is critically missing from this argument, and the Amended Complaint, are any facts suggesting that these acts or her termination were motivated by discriminatory animus to Plaintiff's religion. See Lowman v. NVI LLC, 821 Fed. Appx. 29, 31 (2d Cir. 2020). Rather, as Plaintiff

alleges in her Amended Complaint and reiterates in her Opposition, Plaintiff was terminated after her exemption requests and appeals were denied due to an "undue burden." See Am. Compl. at 10; Opp. at 12.  Because Plaintiff does not allege that her termination was motivated by discriminatory intent or animus, her Title VII religious discrimination claim fails and must be dismissed.

**B.      Failure to Accommodate**

Plaintiff's arguments in support of her failure to accommodate claim are similarly unavailing. Plaintiff argues that "Defendant had knowledge of [her] sincerely held-religious beliefs yet chose to ignore those beliefs, denied her exemption request and Appeals based upon an unconstitutional ruling that cited 'undue burden' on the Department without any further details or reason, and terminated her employment after disciplinary action was taken against her . . . ." Opp. at 12. Plaintiff also argues that Defendant's claim of "undue burden" "without any further details or reason" violated Groff v. DeJoy. Id.

The Supreme Court's decision in Groff v. DeJoy, 600 U.S. 447, did not require Defendant to explain its undue hardship rationale to Plaintiff. Moreover, as this Court explained in the Memorandum and Order dismissing the Complaint, "the Second Circuit upheld the dismissal of certain plaintiffs' religious accommodation claims where the complaint 'identifie[d] the [Citywide] Panel's undue hardship rationale, but [did] not plead allegations that contradict[ed] that finding' and 'instead 'offer[ed] only threadbare conclusions.'" See Dismissal Order, Dkt. No. 26 (citing New Yorkers for Religious Liberty, Inc., v. City of New York, 125 F. 4th 319, 333 (2d Cir. 2025)).[1] Plaintiff's alternative argument that Defendant could have accommodated her with a

---

[1] Plaintiff's statement that "Human Rights Law says that the employer must give a reasonable accommodation even if claiming an undue burden" (Opp. at 12) is grossly incorrect. See Greenbaum v. N.Y. City Transit Auth., 2022 U.S. App. LEXIS 22589, *8 (2d Cir. Aug. 15, 2022) (explaining that both the New York State and the New York City Human Rights Laws "do not

remote reassignment, or "Rubber Room," fares no better. See Opp. at 12. Plaintiff alleges that she requested a full exemption from the Vaccine Mandate and does not allege that she requested these or any other alternative accommodations. See id. Plaintiff "cannot now blame the DOE for failing to provide something [she] never requested." See Beckles v. N.Y.C. Dep't of Educ., 2025 U.S. Dist. LEXIS 149503, at *6 (E.D.N.Y. Aug. 4, 2025). Therefore, Plaintiff's failure to accommodate claims should be dismissed.

### POINT III

### PLAINTIFF'S CONSTITUTIONAL CLAIMS MUST BE DISMISSED

**A.    Due Process**

Plaintiff argues in her Opposition that she "properly pleads . . . deprivation of 14th Amendment Due Process." Opp. at 13. In support of her claim, Plaintiff argues that Defendant was "mandated to hold an Education Law §3020-a hearing." Id. at 6.  This argument fails because courts in this Circuit have repeatedly found that the Vaccine Mandate, the process by which employees were notified of the Vaccine Mandate and of how to apply for exemptions, and the termination of their employment for failure to comply with the Vaccine Mandate, do not implicate and do not violate an employee's due process rights under the Constitution. Peralta v. N.Y. City Dept. of Educ., 2023 U.S. Dist. LEXIS 169529, at *8-9 (E.D.N.Y. Sep. 22, 2023); Garland v. New York City Fire Dep't, 574 F. Supp. 3d 120 (E.D.N.Y. 2021), Vasquez v. City of N.Y., 2024 WL 13487 02, at *24 (E.D.N.Y. Mar. 30, 2024). Plaintiff's argument that she was entitled to a 3020-a hearing has been rejected. See Broecker v. N.Y.C. Dep't of Educ., 585 F. Supp. 3d 299, 314 (E.D.N.Y, 2022) ([T]he termination of a public employee based on the employee's failure to

---

require an employer to provide an accommodation if it would cause an undue hardship for an employer.").

satisfy a qualification of employment unrelated to job performance, misconduct, or competency does not implicate the disciplinary procedures set forth in N.Y. Educ. Law §§ 3020 and 3020-a.").

In any event, Plaintiff received sufficient pre-deprivation process. Plaintiff was informed of and took advantage of the opportunity to submit a request for a religious exemption to the Vaccine Mandate. See Fugelsang v. Dep't of Educ. of N.Y.C., 2025 U.S. Dist. LEXIS 61440, *16-17 (E.D.N.Y. Mar. 31, 2025); Broecker, 585 F.Supp.3d at 314. Plaintiff also received adequate post-deprivation process. After her exemption request was denied, Plaintiff alleges that she participated in a hearing with an arbitrator and submitted another appeal to the Citywide Panel. See Am. Compl. at 4-5. This method of redress provided Plaintiff with an adequate post-deprivation procedure. See Goolsby v. City of New York, 83 Misc. 2d 445, 455 (Sup. Ct. N.Y. Cty), aff'd Goolsby v. City of New York, 2025 N.Y. App. Div. LEXIS 1179 (1st Dept. Mar. 4, 2025). Plaintiff also could have sought relief through an Article 78 proceeding, which provides a sufficient post-deprivation remedy. See Broecker, 585 F.Supp.3d at 314. Therefore, Plaintiff was provided sufficient pre- and post-deprivation process, and her due process claim must be dismissed.

**B.     First Amendment Free Exercise**

In support of her Free Exercise Claim, Plaintiff claims that she "does not argue that the COVID Mandate was unconstitutional, but that *as applied* to her, it was." Opp. at 1. Plaintiff argues that her religion is protected as her sincerely held religious beliefs "flows from the plain text of the First Amendment, which guarantees the freedom to 'exercise' religion." Id. at 11. Plaintiff also states that the "Free Exercise Clause . . . requires equal treatment of religious adherents." Id. Plaintiff's argument fails.

An as applied challenge to a statute requires a court to analyze the facts of the specific case to determine whether the statute deprived the individual of a protected right. See

5

Barrett v. Dep't of Educ., 2025 U.S. Dist. LEXIS 121864, at *16 (E.D.N.Y. June 26, 2025). There is simply no doubt that, facially, the Vaccine Mandate is constitutional and, that "in all its iterations, is neutral and generally applicable." See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021). Plaintiff cannot state a First Amendment as-applied challenge because, as this Court already held in the Dismissal Order, in both her Amended Complaint and in her Opposition, "Plaintiff has failed to present a 'more-than-conclusory allegation that the finding of undue hardship was erroneous or pretextual.'" See ECF Dkt. No. 26 (quoting New Yorkers for Religious Liberty, Inc., 125 F.4th at 333); see also Barrett, 2025 U.S. Dist. LEXIS 121864, at *22-23. Therefore, the Plaintiff's Free Exercise Claim fails and must be dismissed.

## C.  First Amendment Retaliation

Plaintiff also argues that she "properly pleads a First Amendment retaliation claim" because she submitted a religious accommodation request, did not submit a "valid vaccination card" and, thereafter, "was placed on the problem code." Opp. at 13. Plaintiff cannot maintain a First Amendment retaliation claim where she admits and acknowledges that the alleged "problem code" and any other adverse employment action was taken because of her refusal to comply with the Vaccine Mandate. See Barrett, 2025 U.S. Dist. LEXIS 121864, at *13-14; Hurley v. Dep't of Educ. of the City of N.Y., 2025 U.S. Dist. LEXIS 188282, at *35 (E.D.N.Y. Sep. 23, 2025); see also Fugelsang v. Dep't of Educ. of N.Y.C., 2025 U.S. Dist. LEXIS 61440, at *12 n.4 (E.D.N.Y. Mar. 31, 2025). Moreover, as noted above, Plaintiff alleges that the reason cited for her termination was that it would have been an undue burden to grant her request to be exempt from the Vaccine Mandate. See Am. Compl. at 10. Consequently, Plaintiff's First Amendment retaliation claim must be dismissed.

6

**POINT IV**

**PLAINTIFF FAILS TO STATE FRAUD AND
FRAUD IN THE INDUCEMENT CLAIMS**

Plaintiff's fraud in the inducement claim must be dismissed. In support of her fraud claims, Plaintiff argues that "Arbitrator Scheinman" "ruled that everyone had to ask for an 'exception'" and then "made up an alternate route for the Appeals that he knew would not work, then denied everyone." Opp. at 14. Neither this argument nor any allegation in the Amended Complaint identifies any fraudulent statement or act by "Arbitrator Scheinman." At most, Plaintiff merely disagrees with the negotiated procedure between Defendant and the United Federation of Teachers and then illogically attributes fraud to "Arbitrator Scheinman." A complaint that "vaguely attributes" fraud to defendants, without more, cannot survive a motion to dismiss. See See Trabacchi v. Dep't of Educ., 2025 U.S. Dist. LEXIS 148512, *62 (E.D.N.Y. Jul. 31, 2025); see also Mills, 12 F.3d at 1175. Further, Plaintiff does not allege with particularity the who, what, where, or when of any allegedly fraudulent statements or acts, as required Federal Rule of Civil Procedure 9(b). Trabacchi, 2025 U.S. Dist. LEXIS 148512, at * 62. Plaintiff also does not allege how the alleged fraud induced her to act. See Kalaj v. Kay, 2023 U.S. Dist LEXIS 122687, *22 (E.D.N.Y. Jul. 17, 2023).

Plaintiff does not satisfy any of the pleading requirements to sufficiently state a fraud or fraud in the inducement claim. Accordingly, these claims must be dismissed.

7

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Motion to Dismiss the Amended Complaint be granted in its entirety, with prejudice, that judgment in favor of Defendant be entered, and that Defendant be granted costs, fees, and expenses together with any such other and further relief as the Court deems just and proper.


Dated: New York, New York
      March 16, 2026

                    **STEVEN BANKS**
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendant
                    100 Church Street, Second Floor
                    New York, New York 10007
                    (212) 356-2481

              By: /s/ Brigid Lynn
                    Brigid Lynn
                    Assistant Corporation Counsel

8

## CERTIFICATION

Counsel of Record hereby certifies that pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the enclosed brief is produced using 12-point Times New Roman type and including footnotes and excluding the cover page, captions, table of authorities, and table of contents contains approximately 2,117 words, which is permitted by the rules of the Court. Counsel relies on the word count of the computer program used to prepare this brief.

Dated: New York, New York
March 16, 2026

Respectfully submitted,

By: /s/ *Brigid Lynn*
Brigid Lynn
Assistant Corporation Counsel

9